```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
YOKE MING POH,                      :
                                    :    PRO SE
                Petitioner,         :
                                    :    09 Civ. 5188 (RMB)(THK)
                                    :    07 Cr. 00619 (RMB)
        -against-                   :
                                    :    REPORT AND RECOMMENDATION
UNITED STATES OF AMERICA,           :
                                    :
                                    :
                Respondent.         :
------------------------------------X
```

**USDC SDNY DOCUMENT ELECTRONICALLY FILED DOC #: ___ DATE FILED: 3/31/10**

**TO: HON. RICHARD M. BERMAN, United States District Judge.**
**FROM: THEODORE H. KATZ, United States Magistrate Judge.**

Petitioner Yoke Ming Poh has moved, pursuant to 28 U.S.C. § 2255, to vacate, set aside, or correct his sentence. On January 14, 2008, Petitioner pled guilty to conspiracy to distribute heroin, in violation of 21 U.S.C. § 846, and, on May 19, 2008, he was sentenced to 120 months' imprisonment. Petitioner did not file a direct appeal. (See Letter-Response to Petitioner's Motion, dated Sept. 11, 2009 ("Gov't Resp."), at 1.) Petitioner now seeks to collaterally attack his sentence on the grounds of ineffective assistance of counsel. Specifically, Petitioner contends that his attorney failed to: (1) challenge the applicable drug amount at sentencing; (2) argue for "safety-valve" relief from the applicable mandatory minimum sentence of 120 months' imprisonment; and (3) seek a lesser sentence based on Petitioner's status as a deportable alien, his family ties, and cultural assimilation. (See Motion Under 28 U.S.C. § 2255, to Vacate, Set Aside, or Correct Sentence by Someone in Federal Custody, dated Apr. 30, 2009 ("Pet'r Mot."),

COPIES MAILED
TO COUNSEL OF RECORD ON 3/31/10

1

at 5-6.)   Respondent argues that Petitioner's counsel was not ineffective because there was no basis for him to assert the challenges Petitioner now advances.

For the reasons that follow, the Court concludes that Petitioner fails to demonstrate that he received ineffective assistance of counsel; accordingly, the Petition should be dismissed with prejudice.

## BACKGROUND

On January 14, 2008, Petitioner appeared before United States Magistrate Judge Andrew Peck for purposes of entering a guilty plea to Count I in the Superceding Indictment in his case, which charged him with participating in a conspiracy to distribute and possess with intent to distribute one kilogram and more of heroin. Petitioner was advised that the sentence on that charge involved a maximum of life in prison, a mandatory minimum term of ten years in prison, a maximum of life on supervised release, a mandatory minimum of five years on supervised release, a maximum fine of $4 million or twice the gain or loss resulting from the offense, and a mandatory special assessment of $100. He was also advised that he was subject to a forfeiture order and an order of restitution. (See Plea Hearing Transcript, dated Jan. 14, 2008 ("Plea Tr."), at 5-6.)

On January 23, 2008, the District Court (Hon. Richard M. Berman, U.S.D.J.) accepted Petitioner's plea. At Petitioner's

sentencing hearing, the District Court first questioned defense counsel on whether there was any basis for avoiding the mandatory minimum sentence, specifically, whether Petitioner qualified for safety-valve relief, under 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2(a). (See Transcript of Sentencing Hearing, dated May 19, 2008 ("Sent. Tr."), at 2.)  The Court noted that with safety-valve status, Petitioner would be subject to a term of imprisonment of between 70 and 87 months.  Both defense counsel and the Assistant United States Attorney confirmed that extensive efforts had been made to secure safety-valve status for Petitioner, but, ultimately, the Government concluded that Petitioner had not been truthful with respect to significant pieces of information charged in the conspiracy, and, therefore, he did not qualify for safety-valve relief. (See id. at 3-4.)  The Court inquired of Petitioner as to whether he had understood the discussion and whether he still wanted to go forward with sentencing, and he answered affirmatively. (See id. at 4.)  The Court then sentenced Petitioner to the statutory minimum of 120 months in prison. (See id. at 6, 9.)

## DISCUSSION

I. Ineffective Assistance of Counsel

Petitioner contends in this proceeding that his attorney was ineffective because he failed to: (1) challenge the applicable drug amount at sentencing; (2) argue for safety-valve relief from the

3

applicable mandatory minimum sentence of 120 months' imprisonment; and (3) seek a lesser sentence based on Petitioner's status as a deportable alien, his family ties, and cultural assimilation.

A. <u>Legal Standard</u>

"A defendant is generally permitted to raise an ineffective assistance claim in a collateral attack, even when the claim was not raised on direct appeal." <u>Amiel v. United States</u>, 209 F.3d 195, 198 (2d Cir. 2000); <u>accord</u> <u>Massaro v. United States</u>, 538 U.S. 500, 509, 123 S. Ct. 1690, 1696 (2003) ("We do hold that failure to raise an ineffective-assistance-of-counsel claim on direct appeal does not bar the claim from being brought in a later, appropriate proceeding under § 2255.").

A petitioner must satisfy a two-part test in order to establish that his Sixth Amendment right to effective assistance of counsel was violated. See <u>Strickland v. Washington</u>, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); <u>Henry v. Poole</u>, 409 F.3d 48, 62-63 (2d Cir. 2005); <u>Lanfranco v. Murray</u>, 313 F.3d 112, 118 (2d Cir. 2002). He must demonstrate (1) that counsel's representation fell below an objective standard of reasonableness under prevailing professional norms, and (2) that the deficient performance of counsel prejudiced the defense, that is, that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." <u>Strickland</u>, 466 U.S. at 694, 104 S. Ct. at 2068; <u>see also</u> <u>Henry</u>,

4

409 F.3d at 63 (quoting Strickland, 466 U.S. at 687-88, 104 S. Ct. at 2064-65).

It is well-settled that "[a]ctions or omissions by counsel that might be considered sound trial strategy do not constitute ineffective assistance." United States v. Best, 219 F.3d 192, 201 (2d Cir. 2000) (citations and internal quotation marks omitted); accord United States v. Bayless, 201 F.3d 116, 130-31 (2d Cir. 2000). A strategic decision is a "conscious, reasonably informed decision made by an attorney with an eye to benefitting his client." Cox v. Donnelly, 387 F.3d 193, 198 (2d Cir. 2004) (quoting Pavel v. Hollins, 261 F.3d 210, 218 (2d Cir. 2001)). A court may not use hindsight to second guess counsel's tactical choices "simply because the chosen strategy has failed." United States v. Helgesen, 669 F.2d 69, 72 (2d Cir. 1982); accord United States v. DiTommaso, 817 F.2d 201, 215 (2d Cir. 1987).

In applying the first prong of the Strickland test, a court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Strickland, 466 U.S. at 689, 104 S. Ct. at 2065 (citation and internal quotation marks omitted).

To satisfy the second part of the Strickland test, a habeas petitioner must demonstrate "that there is a reasonable probability

that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694, 104 S. Ct. at 2068. "The level of prejudice [that a petitioner] need demonstrate lies between prejudice that had some conceivable effect and prejudice that more likely than not altered the outcome in the case." Lindstadt v. Keane, 239 F.3d 191, 204 (2d Cir. 2001) (internal citation and quotation marks omitted). "[T]he 'prejudice' component of the Strickland test . . . focuses on the question whether counsel's deficient performance renders the result of the [proceeding] unreliable or the proceeding fundamentally unfair." Lockhart v. Fretwell, 506 U.S. 364, 372, 113 S. Ct. 838, 844 (1993).

In order to satisfy the Strickland test, a petitioner must meet the standards of both components. Strickland, 466 U.S. at 700, 104 S. Ct. at 2071. However, "there is no reason for a court deciding an ineffective assistance claim to . . . address both components of the inquiry if the defendant makes an insufficient showing on one." Id. at 697, 104 S. Ct. at 2069.

B. Application

1. Failure to Challenge the Drug Amount at Sentencing

Plaintiff contends that his attorney was ineffective "for his failure to challenge the drug amount used through preponderance of the evidence . . . that was neither charged in the indictment nor pled to by the defendant that boosted his base offense level. . .

6

." (Petitioner's Memorandum of Law in Support of Petitioner's 28 U.S.C. § 2255 Motion, dated Apr. 30, 2009 ("Pet'r Mem."), at 2.) This claim cannot succeed, because there was no basis on which to challenge the drug amount. In fact, Petitioner was charged with conspiring to distribute more than one kilogram of heroin, and he acknowledged that he had reviewed and discussed the Indictment with his counsel (see Plea Tr. at 4-5); he was informed of the charge at his plea hearing and indicated that he understood (see id. at 5-6, 8); and he specifically acknowledged at his plea that he agreed with other people to distribute and possess with intent to distribute more than one kilogram of heroin (see id. at 15-16).

Under these circumstances, there was no basis at sentencing for counsel to challenge the drug amount and, had he done so, his challenge clearly would have been unsuccessful. Counsel cannot have been ineffective for failing to raise a meritless claim. See United States v. Croitoru, 306 F. App'x 662, 664 (2d Cir. 2009) ("[F]ailure to make a meritless argument does not amount to ineffective assistance."); United States v. Arena, 180 F.3d 380, 396 (2d Cir. 1999) (same); United States v. Matos, 905 F.2d 30, 32 (2d Cir. 1990) ("In order to show ineffective assistance for the failure to make a suppression motion, the underlying motion must be shown to be meritorious, and there must be a reasonable probability that the verdict would have been different if the evidence had been suppressed.") (citing Kimmelman v. Morrison, 477 U.S. 365, 375-76,

7

106 S. Ct. 2574, 2583 (1986)).

Accordingly, this aspect of Plaintiff's motion should be rejected.

2. <u>Failure to Seek Safety-Valve Status</u>

Petitioner contends that his attorney was ineffective for failing to seek safety-valve status for Petitioner, so that he could secure a sentence below the statutory minimum.

In fact, defense counsel did attempt to secure safety-valve status for Petitioner. He arranged for a safety-valve proffer with the Government, prior to Petitioner's sentencing. However, as was explained to the District Court at Petitioner's sentencing hearing, despite a number of attempts by the Government to obtain information from Petitioner about his role in the narcotics conspiracy, Petitioner was not truthful with the Government and, therefore, did not qualify for safety-valve status. (<u>See</u> Sent. Tr. at 2-4.) <u>See</u> <u>United States v. Suriel</u>, 326 Fed. Appx. 51, 52 (2d Cir. 2009) ("To qualify for safety valve relief, a defendant bears the burden of proving, *inter alia*, that not later than the time of the sentencing hearing, [h]e has truthfully provided to the Government all information and evidence [he] has concerning the offense . . . .") (internal quotation marks omitted).

Because Petitioner's attorney did attempt to secure safety-valve status for Petitioner, the factual premise for this aspect of Petitioner's motion is false. Therefore, the claim should be

dismissed.

### 3. Failure to Seek a Reduced Sentence

Petitioner contends that his attorney was ineffective because he failed to argue for a reduced sentence of 87 months' imprisonment (the sentence Petitioner expected), based on Petitioner's status as a deportable alien, his family ties, and his cultural assimilation. Petitioner, however, has no grounds to claim that he was unaware that he was subject to a sentence of 120 months in prison, and there was no basis for Petitioner's counsel to argue for a lesser sentence.

At his plea proceeding, Petitioner was specifically advised that the charge against him carried a statutory mandatory minimum sentence of 120 months in prison. He was also informed that if he became eligible for safety-valve status, it was estimated that his sentencing range would be between 78 and 87 months in prison. (See Plea Tr. at 12-14.) Finally, his attorney stated on the record, and Petitioner acknowledged, that Petitioner might not qualify for safety-valve relief, or the Court might choose to deny him safety-valve relief, in which case he could receive a sentence of between 120 months and life in prison. (See id.) Petitioner then proceeded to enter a plea of guilty to Count I of the Superceding Indictment. (See id. at 14.)

At the sentencing hearing, the Court made a point of advising Petitioner of the Government's position that he did not qualify for

9

safety-valve consideration, and that he therefore faced a mandatory minimum sentence of 120 months' imprisonment. (See Sent. Tr. at 2-3.) Petitioner nevertheless agreed to go forward with his sentencing, (see id. at 4), and the Court imposed the mandatory minimum of 120 months' imprisonment. (See id. at 8-9.)

Based on the record, there can be no claim that Petitioner was unaware of the sentence to which he was subject. Moreover, because (1) Petitioner was subject to a mandatory minimum sentence of 120 months' imprisonment, (2) the Government advocated such a sentence, and (3) the Court made clear it intended to impose such a sentence, there was no basis for defense counsel to argue for a lesser sentence based on Petitioner's immigration status or other personal characteristics. Had he done so, it is clear that he would not have been successful. Thus, Petitioner cannot satisfy either prong of the Strickland standard.

## CONCLUSION

Because Petitioner's claim of ineffective assistance of counsel is meritless, this Court respectfully recommends that the Petition be denied and this action be dismissed with prejudice.

As Petitioner has not made a substantial showing of a denial of a federal right, this Court recommends that no certificate of appealability be issued. See 28 U.S.C. § 2253(c)(2); Lucidore v. New York State Div. of Parole, 209 F.3d 107, 112 (2d Cir. 2000). This Court further recommends certification, pursuant to 28 U.S.C.

§ 1915(a)(3), that any appeal from the Court's order would not be taken in good faith.  See Coppedge v. United States, 369 U.S. 438, 445-46, 82 S. Ct. 917, 921 (1962).

Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule 72 of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6(a) and (e).  Such objections shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of the Honorable Richard M. Berman, United States District Judge, and to the chambers of the undersigned, Room 1660. Any requests for an extension of time for filing objections must be directed to Judge Berman.  Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985); IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir. 1993), cert. denied, 513 U.S. 812, 115 S. Ct. 86 (1994); Frank v. Johnson, 968 F. 2d 298, 300 (2d Cir.), cert. denied, 506 U.S. 1038, 113 S. Ct. 825 (1992); Small v. Secretary of Health and Human Servs., 892 F.2d 15, 16 (2d Cir. 1989).

Respectfully submitted,

_____
THEODORE H. KATZ
UNITED STATES MAGISTRATE JUDGE

Dated: March 31, 2010
       New York, New York