UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
YOKE MING POH,

                           Petitioner,

  -against-

UNITED STATES OF AMERICA,

                           Respondent.
------------------------------------------------------------X



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/16/10

09 Civ. 5188 (RMB) (THK)

**DECISION & ORDER**

### I.   Background

On or about June 3, 2009, Yoke Ming Poh ("Petitioner") filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255 ("Petition") seeking to "vacate, set aside, or correct" his sentence imposed on May 19, 2008 of 120 months incarceration (and five years supervised release) following a guilty plea entered on January 14, 2008 for conspiracy to distribute heroin in violation of 21 U.S.C. § 846.  (See Judgment, dated May 19, 2008, at 1.)

Petitioner argues that he received ineffective assistance of counsel from his attorney Kenneth A. Paul, Esq. ("Paul") based upon, among other things, Paul's: (1) "failure to challenge the drug amount" at sentencing; (2) "failure to move the [C]ourt for safety valve [relief] that would have warranted a reduction" in his sentence; and (3) "failure to petition the [C]ourt regarding [Petitioner's] position as a deportable alien" and regarding his "family ties and cultural assimilation." (Pet. at 5–6.)

On September 11, 2009, the United States ("Government") submitted an opposition arguing, among other things, that: (1) Petitioner "cannot now claim that his counsel was ineffective because he did not mount a sentencing challenge to the drug weight that [Petitioner] himself admitted to during his guilty plea"; (2) "Despite multiple attempts by the Government to

obtain information about his role in the charged conspiracy, [Petitioner] was not truthful with the [G]overnment and therefore did not qualify for safety-valve relief"; and (3) Petitioner fails to explain how his status as a deportable alien, or his family ties and his cultural assimilation "could have served to mitigate his sentence even if counsel had raised them with the Court." (Letter from Brendan R. McGuire, Esq. to Hon. Richard M. Berman, dated Sep. 11, 2009, at 2–3.)

On March 31, 2010, United States Magistrate Judge Theodore H. Katz, to whom the matter had been referred, issued a thorough report and recommendation ("Report"), recommending that the Petition be denied because, among other reasons: (1) "Petitioner specifically acknowledged the applicable drug amount at his plea, and thus counsel had no basis to challenge it at sentencing"; (2) "Petitioner's attorney did attempt to secure safety-valve status for Petitioner, however, since Petitioner was not truthful with the [G]overnment, he did not qualify for safety-valve relief"; and (3) "Petitioner agreed to go forward with his sentencing while knowing that the Court intended to impose the mandatory minimum sentence, and thus, there was no basis for defense counsel to argue for a lesser sentence based on Petitioner's immigration status or other personal characteristics." (Report at 7–10.)

On or about May 10, 2010, Petitioner submitted objections ("Objections") to the Report arguing essentially the same points he presented to Judge Katz. (See Objections at 1.)

**For the reasons stated below, the Report is adopted in its entirety and the Petition is denied.**

## II. Standard of Review

The Court may adopt those portions of a magistrate judge's report to which no objections have been made and which are not clearly erroneous. See Thomas v. Arn, 474 U.S. 140, 149 (1985). The Court "shall make a de novo determination of those portions of the report or

2

specified proposed findings or recommendations to which objection is made."
28 U.S.C. § 635(b)(1)(C); see also Gross v. United States, No. 07 Civ. 11298, 2009 WL 2195976, at *1 (S.D.N.Y. Jul. 21, 2009). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); see also Fed. R. Civ. P. 72(b); Grassia v. Scully, 892 F.2d 16, 19 (2d Cir. 1989).

Where, as here, a petitioner is proceeding pro se, the Court construes the petitioner's claims liberally, see Marmolejo v. United States, 196 F.3d 377, 378 (2d Cir. 1999), and will "interpret them to raise the strongest arguments that they suggest," Burgos v. Hopkins, 13 F.3d 787, 790 (2d Cir. 1994).

### III. Analysis

The facts and procedural history as set forth in the Report are incorporated herein by reference unless otherwise noted. The Court has conducted a de novo review of the Petition, the Report, Petitioner's Objections, the record, and applicable legal authorities, and concludes that the determinations and recommendations of Judge Katz are supported by the record and the law in all respects.[1] See Pizarro v. Bartlett, 776 F. Supp. 815, 817 (S.D.N.Y. 1991). Petitioner's Objections do not provide any basis for departing from the Report's conclusions and recommendations.

Judge Katz properly concluded that "there was no basis at sentencing for counsel to challenge the drug amount, and had he done so his challenge clearly would have been unsuccessful" given that Petitioner "specifically acknowledged at his plea that he agreed with other people to distribute and possess with intent to distribute more than one kilogram of heroin."

---

[1] As to any portion of the Report to which no objections have been made, the Court concludes that the Report is not clearly erroneous. See Pizarro, 776 F. Supp. at 817. Any Objections not specifically addressed in this Order have been considered de novo and rejected.

3

(Report at 7; see Tr. of Proceedings before Mag. J. Theodore H. Katz, dated Jan. 4, 2008, at 16:5-9 ("[JUDGE KATZ]: Did you and the others you were in agreement with distribute and possess with intent to distribute and possess with intent to distribute more than 1 kilogram of heroin? [PETITIONER]: Yes.")); see United States v. Croitoru, 306 Fed. App'x 664, 664 (2d Cir. 2009) ("[F]ailure to make a meritless argument does not amount to ineffective assistance."); see also United States v. Juncal, 245 F.3d 166, 171 (2d. Cir. 2001) ("Testimony during a plea allocution carries such a strong presumption of accuracy that a district court does not, absent a substantial reason to find otherwise, abuse its discretion in discrediting later self-serving and contradictory testimony as to whether a plea was knowingly and intelligently made.").

Judge Katz also properly concluded that Paul did attempt to secure safety valve status for Petitioner, but that "Petitioner was not truthful with the Government and therefore did not qualify." (Report at 8, see Tr. of Proceedings before Hon. J. Richard M. Berman, dated May 19, 2008, at 3:12-25–4:1 ("[GOVERNMENT]: [M]ultiple attempts were certainly made by [Paul] . . . however, the Government found that [Petitioner] was not being truthful.")); see Toro v. United States, No. 09 Civ. 3121, 2010 WL 446473, at *4 (S.D.N.Y. Feb. 10, 2010) (Where "[defendant] had lied to the Government during his proffer sessions . . . there was, therefore, no basis for his attorney to advocate an adjustment based on the safety valve provision of the law.").

Judge Katz also properly determined that Petitioner's attorney was not ineffective for failing to seek a reduced sentence based on Petitioner's status as a deportable alien, or his family ties, and his cultural assimilation because these characteristics did not offer any "basis for Petitioner's counsel to argue for a lesser sentence." (Report at 9; see Tr. of Proceedings before Hon. J. Richard M. Berman, dated May 19, 2008, at 2:9-11 ("[JUDGE BERMAN]: [I]n this case [there is] what's called a statutory mandatory minimum, which is 120 months.")); see United

States v. Ejike, No. 06 Civ. 13327, 2007 WL 1946549, at *4 (S.D.N.Y. June 27, 2007) ("the Second Circuit has held that deportability is not a reasonable basis for a downward departure from the Guidelines."); see also Odiana v. United States, 499 F. Supp. 2d 196, 201 (N.D.N.Y. 2007).

### IV.   Certificate of Appealability

A certificate of appealability may not be issued unless "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner has not made such a showing and a certificate of appealability is neither warranted nor appropriate in this case. See Lucidore v. New York State Div. of Parole, 209 F.3d 107, 112 (2d Cir. 2000). Any appeal from this Order will not be taken in good faith. See 28 U.S.C. § 1915(a)(3).

### V.   Conclusion and Order

For the reasons stated herein, the Report is adopted in its entirety and the Petition is denied. The Clerk of the Court is respectfully requested to close this case.

Dated: New York, New York
        June 16, 2010

_____
RICHARD M. BERMAN, U.S.D.J.